## UNITED STATES v. DE BACK.
### No. 9631.

Circuit Court of Appeals, Ninth Circuit.
March 10, 1941.

Frank J. Hennessy, U. S. Atty., and S. P. Murman and Thomas C. Lynch, Asst. U. S. Attys., all of San Francisco, Cal., for appellant.

Roy G. Hudson, Young, Hudson & Rabinowitz, and Ward Sullivan, all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The Alaska Railroad is owned and operated by the United States.[1] Appellee sustained personal injuries about July 3, 1931, while a passenger for hire aboard one of its trains. In 1935, by private act No. 107, 49 Stat.L. 2089, Congress conferred upon the District Court for the Northern District of California jurisdiction to hear, determine, and render judgment upon the claim of appellee against the Alaska Railroad for general and special damages. The act provided that the proceedings should be "in the same manner as in the case of claims over which such court has jurisdiction under the first paragraph of paragraph 20 of section 24 of the Judicial Code, as amended."

In supposed compliance with that act appellee filed suit against the United States seeking damages in the amount of $55,000. The government moved to dismiss on the ground that the act authorized suit against the Alaska Railroad only, and on the further ground that the amount of the claim was in excess of the $10,000 limit prescribed in the Tucker Act (Judicial Code, § 24(20), 28 U.S.C.A. § 41(20), to which the private act referred. While the motion was pending Congress passed private act No. 384, 50 Stat.L. 1094,[2] amendatory of the previous one, permitting appellee to sue the United States for damages growing out of her injury. Under the second of these statutes appellee brought the present suit, again seeking a recovery of $55,000.

After a trial without a jury the court below made findings in favor of appellee and rendered judgment against the United States for $10,231.75, with costs. On the appeal the government contends that the trial court lacked jurisdiction to entertain the suit, and that the evidence fails to support the finding of negligence in the operation of the train. Error is also predicated on the allowance of costs.

The report of the house committee on claims,[3] which had the bill in charge, makes it abundantly clear that the com-

---

[1] Act March 12, 1914, c. 37, 38 Stat. 305, as amended, 48 U.S.C.A. § 301.

[2] "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the Act entitled 'An Act conferring upon the United States District Court for the Northern District of California, southern division, jurisdiction of the claim of Minnie C. de Back against the Alaska Railroad', approved June 24, 1935, is hereby amended so as to read as follows:

"'That consent is hereby granted to Minnie C. de Back, of San Francisco, California, to sue the United States of America in an action at law for general and special damages by reason of personal injuries alleged to have been sustained by her on or about July 3, 1931, while a passenger for hire aboard one of the trains of the Alaska Railroad, operated in the Territory of Alaska by the United States of America pursuant to the provisions of the Act of March 12, 1914 (ch. 37, sec. 1, 38 Stat. 305), as amended, together with the right to either party to appeal from any judgment which may be entered in said action.

"'Sec. 2. Jurisdiction is hereby conferred upon the United States District Court for the Northern District of California, southern division, to hear, determine, and render judgment upon said claim, the subject of said action.

"'Sec. 3. In the determination of such claim, the United States of America as defendant in such action shall be held liable for any tort committed by any of its instrumentalities, officers, agents, employees, or servants in the same manner and to the same extent as if it were a private person.

"'Sec. 4. Such action on said claim may be instituted at any time within one year after the enactment of this Act, notwithstanding the lapse of time or any statute of limitation, and proceedings for its determination shall be in accordance with Paragraph Twentieth of section 24 of the Judicial Code, as amended.'

"Approved, August 26, 1937."

[3] House Report No. 1458, 75th Congress, 1st Session.

118 F.2d—14

mittee intended to limit appellee's recovery to the amount of $10,000, as specified in the Tucker Act. Appellee so concedes and offers now to waive her judgment for the excess. But the government says that since the suit was for an amount exceeding $10,-000 the court was without jurisdiction to entertain it or to render judgment in any sum. We do not agree. At the time the special act was passed appellee had pending a suit for $55,000 damages and such was known to be the amount of her claim. By § 2 of the act jurisdiction was expressly conferred upon the District Court "to hear, determine, and render judgment upon said claim, the subject of said action." The act conferred jurisdiction to entertain suit on the claim. Appellees' concession makes it unnecessary to consider whether we should construe the statute by reference to the committee report.

Appellee was 54 years of age at the time of her injury. While she was en route from Seward to Anchorage on a sightseeing trip she rose from her chair in the observation car and was about to turn it so as to get a better view of the scenery when she was thrown to the floor by the motion of the train. Upon examination at the railroad hospital at Anchorage she was found to have sustained a fracture of the femur. The train was a combination freight and passenger train consisting of six cars, including a passenger car and the observation car. The motion which caused the fall was variously described by appellee and other witnesses present as a "severe lurch", "a sudden lurch", "a very severe jerk", and "an unusual jerk or lurch". Certain of the witnesses testified that they had not been conscious of similar movement up to that time. The porter, who was at the rear of the car, described the lurching or swaying of the train as of such character as to cause him to turn around at the moment appellee fell. Although the porter had previously made six round trips on the route he had never before noticed the swaying motion at that particular point. Other passengers standing at the time were compelled to grasp their chairs or to drop back into their seats and one of them was pitched against the side of the car.

■ The trial court applied the rule of res ipsa loquitur and found that the train was so negligently operated as to cause the car to sway, jerk, or lurch violently, throwing appellee to the floor and proximately causing her injury. It is true the crew testified that the train was at all times carefully handled, that its equipment was in good working order, and that there was no unusual lurching. Their testimony served merely to create a conflict. We assume it to be true, also, as appellant contends, that a carrier is not responsible for injuries to passengers resulting from the ordinary motions incident to the proper operation of a train. But the mere statement of that general proposition of law demonstrates its inapplicability here. Whether the motion of a train is of such nature as to constitute negligence is a question of fact. 10 Am.Jur. § 1343. In the light of the evidence it cannot be said that the finding of negligence was clearly erroneous. We do not believe it necessary to explore the doctrine of res ipsa loquitur. Enough to say that the findings below were well within the limits of the doctrine as generally applied. There is no merit in the argument that appellee was guilty of contributory negligence, as a matter of law, in arising from her chair. While other matters were argued we find nothing warranting a reversal.

In the course of the argument here, as above stated, counsel for appellee waived the amount of the judgment in excess of $10,000. He waived also, costs awarded below.[4]

The judgment is ordered reduced to $10,-000. Costs below are remitted.

Affirmed as modified.

---

[4] In view of the waiver it is unnecessary to consider the right to recover costs in suits against the United States. But see § 152 of the Judicial Code, 28 U.S. C.A. § 258, United States v. Cress, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746.