### MURRAY v. RIO GRANDE MOTORWAY, Inc.

#### No. 3702.

United States Court of Appeals
Tenth Circuit.

Nov. 19, 1948.

Delbert M. Draper, of Salt Lake City, Utah (Edgar C. Jensen, of Salt Lake City, Utah, on the brief), for appellant.

A. H. Nebeker, of Salt Lake City, Utah (S. J. Quinney and Paul H. Ray, both of Salt Lake City, Utah, on the brief), for appellee.

Before, BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Appellant brought this action against appellee, Rio Grande Motorway, seeking damages for personal injuries, alleging that one of the appellee's buses, on which he was a standing passenger, "suddenly and violently lurched to one side" and hurled him against a seat with such "force and violence" that he was ruptured in his left groin.

At the conclusion of all the evidence, the trial court sustained a motion for a directed verdict on the ground that the movement complained of was no more than the normal jostling or movement of the bus as it traveled along the highway. The appellant appeals from a judgment for the appellee bus company on the directed verdict. Jurisdiction is based upon diversity of citizenship and requisite amount in controversy, and the only question presented here is whether the evidence was sufficient to take the case to the jury on the issue of negligence.

Although the carrier owed the standing passenger the highest degree of care commensurate with the peculiar circumstances involved, the passenger assumed the usual and ordinary jerks and lurches incident to the movement of the bus over the public highways. Wichita Transportation Co. v. Braly, 10 Cir., 150 F.2d 315, 317; United States v. De Back, 9 Cir., 118 F.2d 208; McQuin v. Santa Fe Trail Transportation Co., 155 Kan. 111, 122 P.2d 787; Dempsey v. Market Street Ry. Co., 23 Cal.2d 110, 142 P.2d 929; Waite v. Pacific Gas & Electric Co., 56 Cal.App.2d

191, 132 P.2d 311; McIntosh v. Los Angeles Ry. Corp., 7 Cal.2d 90, 59 P.2d 959; Morrisey v. Union Pacific Railroad Co., 68 Utah 323, 249 P. 1064.

■ To parapharse the language of the Utah Supreme Court in the Morrisey case, supra, it is common knowledge and experience that passengers on trains and buses may be shaken and jostled by the ordinary lurches and jerks which are unavoidable in the operation of trains and buses over grades and around curves. A permissible inference of actionable negligence arises only when the lurches or jerks are unusual and extraordinary—such as would not have happened in the ordinary course of the operation of the bus upon the highway. In determining whether the movement of the bus was so unusual as to justify the inference of negligence, the nature of the accident and the effect of the bus movement upon the passenger may be taken into consideration. McIntosh v. Los Angeles Ry. Corp., 7 Cal.2d 90, 59 P.2d 959, 961; Waite v. Pacific Gas & Electric Co., 56 Cal.App.2d 191, 132 P.2d 311, 316.

In support of his allegations appellant testified that at the time of the accident he was enroute to Salt Lake City as a passenger on appellee's bus. Not being able to obtain a seat on the bus he was standing in the aisle holding with his left hand onto a ⅝ths inch rope which ran through loops around the baggage shelf above the seats. "While so standing there was a violent motion of the bus. It changed direction or jumped. There was an unusual motion and I was propelled against the seat. I struck Miss Snow (a seated passenger) on the shoulder and feel across her lap," and "as I fell my left groin struck the corner of the seat." After regaining his feet he stated to passenger Snow "that the bump hurt like everything," but he did not complain to the driver or notice whether any of the other passengers had been disturbed by the lurch, because "I didn't even know I was hurt." It was his impression that the bus was traveling about 50 miles per hour because he was being "jostled considerably," but that when the accident occurred he could not say whether the speed had "lessened or increased." That there was just an "unusual motion," but he did not know what caused it.

Passenger Snow testified that she was seated near the aisle where appellant was standing; that somewhere along the trip "he fell against the seat and nearly fell into my lap." That he apologized and remarked that the fall had hurt him. She did not testify however concerning any unusual motion of the bus. The driver did not recall any unusual or extraordinary incident.

It is suggested, and the trial court was of the opinion, that there was nothing in the evidence to show that appellant's fall was the result of a sudden and violent lurch; that it could have been the result of the passenger becoming unbalanced while holding onto the sliding baggage rope. The trial court took the view that the facts in this case were analogous to those in the Morrisey case supra, and required the same conclusion. In that case the description of the jolt or lurch and its consequences as detailed by the witnesses did not characterize it as unusual or extarordinary, but rather affirmatively showed it to have been a usual or customary incident of railroad transportation. In our case, however, the motion of the bus was described as "unusual" and "violent," propelling the standing passenger against the seat and across the lap of a seated passenger.

■■ True, appellant was unable to describe with particularity the place or cause of the motion, which he claimed caused his fall and injury. But, he was standing in the bus with his head above the windows, it was dark and he was unfamiliar with the surroundings; he cannot, therefore, be charged with the duty of describing the nature, the place or the cause of the movement which he testified was of sufficient force to propel him against the seat causing an immediately demonstrable injury. We think these circumstances were sufficient to generate a permissible inference of negligence and an issue of fact for the jury.

■ It is suggested that the evidence conclusively shows contributory negligence, but we think at most it was a question for

the jury. Cf. Waite v. Pacific Gas & Electric Co., 56 Cal.App.2d 191, 132 P.2d 311.

Reversed and remanded, with directions to grant the appellant a new trial in accordance with the views herein expressed.