JOHN CARMODY vs. BOSTON GAS LIGHT COMPANY.
JOHN CARMODY, JR. vs. SAME.
ALBERT CARMODY vs. SAME.
ANNIE CARMODY vs. SAME.

Suffolk.　November 15, 1894. — January 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Injury from Escape of Gas — Negligence — Instructions.*

A jury may find negligence from the breaking of a gas-pipe and the consequent escape of gas, but it is for them to say whether they will do so, and, if there are other circumstances in the case bearing on the question, they must weigh them all.

An instruction to the jury, in a case where a number of circumstances bearing upon a question of fact are in evidence, that a part of them are not of themselves sufficient to establish the fact, coupled with explicit instructions that they are to be considered, must be understood as directing the jury to weigh together all the pertinent circumstances, and not to draw their inference from a part without considering all.

FOUR ACTIONS OF TORT, for injuries occasioned to the respective plaintiffs by the escape of gas. The cases were tried together in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions, in substance as follows.

It appeared by evidence introduced in behalf of the plaintiffs that the injuries complained of were caused by the escape of gas into the plaintiffs' apartments from the defendant's pipes in the street, the plaintiffs inhaling the gas while asleep. The defective condition of the pipe, according to the plaintiffs' evidence, was that the pipe was rotten, and a large hole appeared there on the morning after the accident, which the witnesses testified was a foot long and two or three inches wide on the top of the pipe. It appeared further that there was no perceptible smell of gas in their rooms when the plaintiffs retired at about nine o'clock in the evening; that they were aroused by a neighbor at about midnight; that notice was sent to the defendant of the escape of gas by a police officer at half-past six o'clock the next morning; and that a competent man was at once sent by the defendant to investigate the leak, and gas was shut off from the whole dis-

trict by half-past seven o'clock. Evidence was introduced by the defendant tending to prove that the gas-pipe was properly laid; that it was a proper pipe, and, after it had been laid, a drain had been dug from the house occupied by the plaintiffs to the sewer in the middle of the street, without notice to the defendant; that the ground had settled under the gas-pipe where the drain was dug; and that the gas-pipe had been broken by the settlement of the ground under it, leaving that portion of the pipe without support. The portion of the pipe which was broken was introduced in evidence, and showed only a small crack running round it. There was no hole on the top of the pipe, as described by the plaintiffs' witnesses, and the pipe, except where the crack was, was in good condition.

The plaintiffs requested the judge to rule that there was evidence enough of want of proper care on the part of the defendant to make it responsible, on the ground that it was bound to conduct its gas in a proper manner; and that the fact that the gas escaped was *prima facie* evidence of some neglect on the part of the defendant.

The judge declined so to rule, and instructed the jury as follows:

"The mere fact that a pipe broke and the gas escaped is not of itself sufficient to establish the liability of the company. It is evidence for you to consider upon the question of neglect; but there is other evidence bearing upon this question of neglect, and so it becomes a matter for you to determine, in view of all the evidence bearing upon the question, the burden being upon the plaintiffs to satisfy you, as a result of all the evidence, that there was in fact a neglect by the defendant, through which, and by means of which, this gas escaped. .

"Now, the law requires of the defendant that it shall use reasonable and proper care, under all the circumstances, in selecting its pipe, in laying its pipe, in taking care of it afterwards, looking after it; and this question of reasonable and proper care has reference, of course, to the kind of instrumentality that it was dealing with, and to the possible or probable consequences of neglect on its part. But the principle by which its conduct is to be regulated is one of reasonable and proper care under the circumstances; and that in this case, as in most of these cases, is a question for your judgment."

Upon the counsel for the plaintiffs remarking, " Your honor has not given the requests I asked for, and so I will except to that," the judge replied as follows : " Well, you asked me to say that the fact that the gas escaped is *prima facie* evidence of some neglect on the part of the defendant. I do not choose to use that expression, ' *prima facie* evidence,' unless the defendant consents to it. I have already told the jury that it was evidence of neglect, or of negligence, on the defendant's part, and evidence the force of which it was for them to determine in connection with any other evidence in the case bearing upon the same subject."

The jury returned a verdict for the defendant ; and the plaintiffs alleged exceptions.

*C. P. Sullivan*, for the plaintiffs.

*C. P. Greenough & J. P. Parmenter*, for the defendant.

BARKER, J.  The plaintiffs asked the court to instruct the jury " that there was evidence enough of want of proper care on the part of the defendant to make it responsible, on the ground that it was bound to conduct its gas in a proper manner, and that the fact that the gas escaped was *prima facie* evidence of some neglect on the part of the defendant." This request was copied from a ruling given in *Smith* v. *Boston Gas Light Co.* 129 Mass. 318, where this court said of it that, as applied to the facts of that case, it could not be said to be wrong. The presiding justice in the present case declined to give the instruction, but instructed the jury in other terms, which fully and correctly dealt with the phases of the cause to which the request was addressed.

While the ruling requested is sufficiently correct if it be construed as declaring that there was enough evidence of want of proper care to be submitted to the jury, it would invade the proper province of the jury if it was understood by them to mean that there was evidence enough to require them to find the defendant negligent, and the presiding justice was not bound to give a ruling which, as applied to the case upon trial, might have been so understood. Nor was he bound to use the Latin phrase upon which the plaintiffs insisted, but might well say, in place of it, that the fact that gas escaped was evidence of neglect " and evidence the force of which it was for them to

determine in connection with any other evidence in the case bearing on the same subject."

The plaintiffs' exception did not go to the charge as given, but merely to the refusal of the request. They nevertheless argue that the statement of the charge, that " the mere fact that a pipe broke and the gas escaped is not of itself sufficient to establish the liability of the company," was incorrect. But there was evidence with which the jury had to deal tending to show that the defendant had used due care to conduct its gas in a proper manner, and that the escape of gas by which the plaintiffs were injured was due to the acts of third persons of which the defendant had no notice, and not to any negligence of the defendant.

It is apparent, from the situation of the evidence and the context of the charge, that the sentence to which the plaintiffs now object could not have been understood by the jury as forbidding them to draw the inference of negligence from the facts that a pipe broke and that gas escaped; but that, as there was other evidence bearing upon the question of negligence, they must consider and weigh it all, and not come to a conclusion upon two circumstances merely.

The true construction of the ruling asked, as applied to the case at bar, would be, that, as matter of law, the breaking of a pipe and the consequent escape of gas prove negligence. The true rule is, that a jury may find negligence from those circumstances, but it is for them to say whether they will do so ; and, if there are other circumstances bearing on the question, they must weigh them all.

Instructions that evidence " is sufficient to show," or " has a tendency to show," or " is enough to show," or " is *prima facie* evidence of," are not to be understood as meaning that there is a presumption of fact, but that the jury are at liberty to draw the inference from them. *Commonwealth* v. *Clifford*, 145 Mass. 97. *Commonwealth* v. *Keenan*, 148 Mass. 470. And so the instruction in a case where a number of circumstances bearing upon a question of fact are in evidence, that a part of them are not of themselves sufficient to establish the fact, coupled with explicit instructions that they are to be considered, must be understood as directing the jury to weigh together all the pertinent circumstances, and not to draw their inference from a part without considering all. *Exceptions overruled.*