## OSCAR KLAN *v.* SECURITY MOTORS, INC.
[No. 74, October Term, 1932.]

*Decided February 2nd, 1933.*

The cause was argued before BOND, C. J., ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*J. Cookman Boyd, Jr.,* with whom were *Boyd & Boyd* on the brief, for the appellant.

*Robert D. Bartlett,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

The appellee, Security Motors, Inc., was the owner of a taxicab in which the appellant, Oscar Klan, was injured while a passenger, about 2.30 o'clock on the morning of November 30th, 1929. Suit was brought, and at the conclusion of the plaintiff's case the defendant offered a prayer for an

instructed verdict, which was granted, and from the judgment in favor of the defendant this appeal was taken.

The only question is the legal sufficiency of the evidence to sustain the charge of negligence against the appellee's agent and driver, F. W. Witt. According to the appellant's testimony, he had been to his wife's parents' on the night of November 29th. About 2 o'clock he left his wife and two children there, and went to the corner of Fremont Street and the Washington Boulevard in Baltimore, where he engaged the appellee's driver to take him to his home on East Preston Street. He fell asleep while riding north on Paca Street, and when he awoke he was at the Maryland General Hospital. The car in which he was riding had had a collision with a Ford roadster at the intersection of St. Mary and McCulloh Streets. After being treated at the hospital, where it was found that his left wrist was broken and he had sustained some other injuries, he was driven to the scene of the accident by the superintendent of the taxicab company, where he saw the taxicab in which he had ridden on the sidewalk on the east side of McCulloh Street, about five or six feet south of St. Mary Street, and a Ford car standing at the northeast corner of the streets.

The only other evidence offered on behalf of the appellant was the report of the accident made by the driver, Witt, to the commissioner of motor vehicles, from which it appears that "after the accident he stopped and took the injured man to the hospital; that at the time of the accident his speed was about twenty miles per hour; that he was bound east on St. Mary Street, when a Ford roadster * * * bound south on McCulloh Street struck the left front wheel of the Security Cab."

The appellant relies upon the presumption against a carrier, and its duty with respect to the degree of care required for the safety of a passenger, as *prima facie* evidence of negligence. The appellee's contention is that, with no direct proof of negligence against it, there is evidence—in fact the only evidence—that the collision resulting in the appellant's injuries was produced by an intervening and independent

cause with respect to which there was some evidence of negligence.

The law applicable to a situation such as is here presented, as stated by Judge Pattison in *State, use of Boznango, v. Blumenthal-Kahn Electric Co.,* 162 Md. 84, 91, 159 A. 106, 109, is: "If, by the evidence of the plaintiff, it was disclosed that the injury complained of might have been caused either by the defendant's negligence or by the act of another for which the defendant was not responsible, then the doctrine (*res ipsa loquitur*) would not apply." This is, almost in terms, the rule applied in *Strasburger v. Vogel,* 103 Md. 85, 89, 63 A. 202, 203, wherein it is said the effect of the application of the rule in such a case would be "to draw an inference of negligence from only a part of the attendant circumstances." This is also the rule adopted in *Cumberland & W. Transit Co. v. Metz,* 158 Md. 424, 444, 149 A. 4, 565, which was a case wherein the plaintiff, a passenger, was injured as the result of a collision of a motorbus and a truck. See also *Sun Cab Co. v. Faulkner,* 163 Md. 477, 163 A. 194.

For the reason that the plaintiff has, himself, offered evidence of an intervening, independent, and efficient agency as one of the causes of the collision resulting in his injuries, it was incumbent on him to prove the defendant negligent to sustain his right to recover, and, in the absence of evidence to prove such negligence, the trial court properly instructed the jury for the defendant.

*Judgment affirmed, with costs.*