The question for determination is whether the trial court erred in directing a verdict for the defendant at the close of the plaintiff's case.
The testimony at the time when the court directed a verdict for the defendant came from the plaintiff and a young lady, a fellow passenger. The plaintiff testified that it had been raining and that he slipped and fell upon the wooden strips on the floor of the car, that before he could get to a seat there was "an unusual jerk" and he was thrown on his back. On cross-examination his testimony as to the "unusual" character of the jolt was radically qualified. We quote: "Q. And this trolley car started up as ordinary trolley cars with a jerk or a jolt? A. Yes. Q. And it was the same jerk or jolt of a trolley car when it starts up? A. Yes. Q. The floor *Page 142 
was wet and you fell down? A. It knocked me on my back." The fellow passenger testified that "the floor was real slippery that night; and when he (the operator) started off again it gave a jerk again and he (plaintiff) fell. The floor was — it was raining that night * * *." She said it was the ordinary operation of a trolley car that starts and stops with a jerk.
We are unable to discern any evidence which would have justified the court in submitting to the jury the question of negligence. There is no evidence that the jerk was abnormal or anything more than merely incidental to the proper operation of the car. Raeuber v. Public Service Ry. Co., 89 N.J.L. 366
(E. A. 1916). In Cohn v. Public Service, etc., Co., 109Id. 387 (E. A. 1932), the court stated the following test: "In deciding whether or not a case of this kind should be submitted to the jury, the trial judge is required to decide whether or not the evidence tends to indicate the occurrence of such a violent or unusual jerk or jolt as to speak of negligence in operation."
The evidence falls short of meeting this test and accordingly the judgment is affirmed. *Page 143