REISER, APPELLANT, *v.* THE CINCINNATI STREET RY. CO., APPELLEE.

(No. 7531—Decided February 4, 1952.)

Mr. *Harry Kasfir,* for appellant.
Mr. *John M. McCaslin, Jr.,* for appellee.

Ross, J.   The appeal here considered on questions of law is from a judgment of the Court of Common Pleas of Hamilton County, wherein a judgment of the Municipal Court of Cincinnati was reversed.   The latter judgment was predicated upon a verdict for plaintiff.

The action was based upon the claim of plaintiff that she was injured while a passenger on a bus operated by defendant, when she was thrown to the floor of the bus.

In her bill of particulars, plaintiff states three charges of negligence:

"First:   The driver of the bus, who was the employee of the defendant company, so carelessly, negligently and intentionally caused said bus to be operated in such a violent and unusually jerky manner and veered to the right and brought it to a stop with such suddeness as to throw this plaintiff backwards.

"Second:   The defendant company's employee failed and neglected to give any warning whatsoever

that said bus was to be operated with such a sudden, unusual and violent jerk.

"Third: The defendant through its employee, the driver, failed and neglected to have said bus under his control and to operate it in a careful and proper manner."

In the judgment entry of the Court of Common Pleas it is stated that the judgment of the trial court is reversed because of failure of such court to give special charge No. 8, requested by the defendant. This is the sole ground of reversal. This charge is as follows:

"I charge you that the injuries to the passengers caused by jerks or jars which are necessarily incident to the proper operation of motor busses, impose no liability on the street railway company, and if you find that the plaintiff on the occasion in question, was injured by reason of such a jerk or jar, then the defendant is not liable in this case, and your verdict must be for the defendant."

This charge constituted a correct statement of law applicable to the facts in the case. *Cleveland Ry. Co.* v. *Olsowa,* 3 Ohio Law Abs., 526, 527; *Yager, Recr.,* v. *Marshall,* 129 Ohio St., 584, 587, 196 N. E., 375; *Washington Fidelity National Ins. Co.* v. *Herbert,* 125 Ohio St., 591, 183 N. E., 537. The charge should have been given by the trial court. The refusal to give it constituted error, prejudicial to the defendant. *Chesrown* v. *Bevier,* 101 Ohio St., 282, 128 N. E., 94; *Yager, Recr.,* v. *Marshall, supra.*

In addition to the ground selected by the Court of Common Pleas for reversal of the judgment, we agree with the appellee that the trial court also erred, to the prejudice of the defendant, in giving a special charge (No. 9) requested by plaintiff. This charge is as follows:

"I charge you, as a matter of law, that you may

determine from the evidence if there was or was not an unusual jerk in the instant case and in determining that question you may consider the evidence as to the force of Mrs. Reiser's fall, if any.''

Although in this instruction there are used the words, ''as a matter of law,'' it contains no statement of a rule of law, but, on the contrary, is merely a commentary on the effect of certain evidence, and refers merely to the possible mental processes of the members of the jury. It unduly emphasizes the evidentiary value of a mere item of evidence, and the inferences to be drawn therefrom.

Subdivision 5 of Section 11420-1, General Code, provides:

''When the evidence is concluded, either party may present written instructions to the court on matters of law, and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced.''

From the evidence contained in the bill of exceptions, it appears that there was a sharp conflict involving the conduct of the plaintiff just prior to her fall to the floor of the bus. There was substantial and credible evidence that she was reading a letter and merely lost her balance as the bus proceeded over a rough pavement. The plaintiff denied this, stating she could not read without glasses. The statement, therefore, by the court in a special written instruction, which the jury had before it in its consideration of the evidence, that the jury could consider ''the force of'' the plaintiff's fall in determining whether the jerk was ''unusual'' or not, could have no other effect than to impress upon the jury the importance of the fall, not as reflecting upon the extent of plaintiff's injuries, but, on the contrary, whether her fall was due to a usual jerk or jar, made necessary by the proper operation

of the bus over a rough street, or to an unusual jerk or jar, unnecessary in the proper operation of the bus.

In view of the conflict in the evidence as to what was responsible for plaintiff's fall, such statement of the court as to the importance of the force of plaintiff's fall was improper and could not help but prejudice the case of the defendant. The jury, in other words, was told that from the force of the fall, it could determine the character and extent of the jerk or jar. Even if such statement constituted sound reasoning, which is not admitted, such statement by the trial court exceeds its prerogative as set forth in the section of the law hereinbefore set out. This error, prejudicial to the defendant, also required a reversal of the judgment of the trial court.

The judgment of the Court of Common Pleas should have included this error also as a predicate for its reversal of the judgment of the trial court, and this court, therefore, modifies such judgment of the Court of Common Pleas by including the giving of such charge No. 9, requested by plaintiff, as a ground for reversal, and, as so modified, affirms such judgment of the Court of Common Pleas.

*Judgment modified and as modified affirmed.*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur in the syllabus, opinion and judgment.