MARGARET M. MACKEY and JOHN T. MACKEY, her husband, Plaintiffs, v. OWEN E. O'NEAL and CHARLES SIMPSON, Defendants.

*(November* 9, 1953.)

LAYTON, J., sitting.

*Clement C. Wood* (of Young and Wood) for Plaintiffs.

*William H. Bennethum* for Defendants.

Superior Court for New Castle County, No. 855, Civil Action, 1952.

LAYTON, J.:

The second count of the complaint is obviously based upon the doctrine of *res ipsa loquitur.* It asserts that the plaintiff, Margaret Mackey, was a passenger for hire on defendants' bus on March 20, 1952, and that about seven o'clock P.M. of that day, on Route 40, Maryland, defendants' bus made a sudden stop, propelling plaintiff from her seat, whereby she was seriously injured, and that her injuries were due to defendants' negligence, the exact nature of which is unknown.

Neither party disputes the proposition that in a case such as this, it is the *lex loci,* not the *lex fori,* which governs. *Lachman v. Pennsylvania Greyhound Lines,* 4 Cir., 160 F. 2d 496; *Kerstetter v. Elfman,* 327 Pa. 17, 192 A. 663.

Defendants' motion is based upon two grounds. The first is that the doctrine of *res ipsa loquitur* will not be applied in Maryland unless the agency causing the injury was under defendants' exclusive management and control, and that since this was an accident involving a third vehicle, obviously not under defendants' control, the count is defective and must be

dismissed. It is the law of Maryland that the doctrine of *res ipsa loquitur* is not applicable in cases where the injury might have been caused either by defendant's negligence or by the sole negligence of some third party, for which defendant was in no wise responsible. *Klan v. Security Motors,* 164 *Md.* 198, 164 *A.* 235, 236. But defendant, at this point, is in no position to urge this proposition. The complaint before me merely recites that plaintiff was thrown from her seat by a sudden stop. Nowhere in the complaint, or in the subsequent amendments thereto, does it appear that some third party was even involved, let alone the sole contributing cause of the injury sustained. Now, at the trial of this case, it may be that, as in the *Klan* case, plaintiff herself will be forced to show circumstances indicating that the sudden stop which caused her injury was the result of the negligent operation of some other vehicle. In such event, defendant could move for judgment on the count under discussion at the end of plaintiff's case. Otherwise, defendant might be forced to offer exculpatory evidence.

However that may be, while defendant is correct in its appraisal of the Maryland law on this subject, it is obviously premature in making this argument. In this respect, the motion is denied.

■■ The second ground for dismissal of Count II is that the Maryland Courts will not apply *res ipsa loquitur* to those situations wherein passengers are injured by reason of the normal stops, starts, or jerks incident to the operation of trains, street cars, and buses. *Brocato v. United Rys. and Electric Co. of Baltimore,* 129 *Md.* 572, 99 *A.* 792. But where the injury is occasioned by an unusual or extraordinary stop, jerk, or start, the doctrine is available to a plaintiff. *Grinath v. Baltimore & Belair Electric Ry. Co.,* 145 *Md.* 290, 125 *A.* 604. The complaint here charges that plaintiff's injuries were the result of a sudden stop. In the *Brocato* case, just cited, it was said [129 *Md.* 572, 99 *A.* 793]:

"It is not shown from the facts stated that the motion of the car spoken of as a 'jerk' was an unusual or extraordinary

motion, showing any negligent operation of the car. It is true one of the witnesses said the car 'jerked hard,' but this expression alone, considered in connection with the facts of the case, cannot be regarded as having sufficient probative force to go to the jury as tending to show that the 'jerk' was unusual or extraordinary. The court, we think, acted properly in taking the case from the jury."

■ There is nothing extraordinary in an automobile making a sudden stop. There is substantial doubt in my mind whether the plaintiff here has shown that the movement of defendants' bus was sufficiently unusual or extraordinary as to bring her case within the doctrine of *res ipsa loquitur* as applied in Maryland. Accordingly, I will grant the motion to dismiss.