Lottie WIGGINS, Appellant,

v.

CAPITAL TRANSIT COMPANY, a corporation, Appellee.

No. 1763.

Municipal Court of Appeals for the District of Columbia.

Argued March 19, 1956.

Decided April 19, 1956.

James T. Barbour, Jr., Washington, D. C., for appellant.

Edwin A. Swingle, Washington, D. C., with whom Ernest A. Swingle and Allan C. Swingle, Washington, D. C., were on the brief, for appellee.

Before HOOD, Acting Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

This was a suit for personal injuries sustained by a passenger in defendant's bus. Verdict was directed for defendant, and plaintiff appeals.

Plaintiff, a 71-year-old woman, testified that after she boarded the bus she "went to step over the white line and before she could grasp the hand rail, the bus 'started suddenly' and threw her to the floor. * * *" She was injured on the hand,

head and back. A neighbor, who boarded the bus just ahead of plaintiff, testified that the bus started with a "little jerk," and that she did not fall "because the bus was so crowded there was no place to fall."

The bus operator testified that he waited a few seconds after plaintiff boarded before starting, that "he did not start suddenly, but that it was a normal start." He said he put his arm out to prevent plaintiff from falling and denied that she fell to the floor or struck her head or back.

A third passenger testified that she was sitting immediately behind the driver and that plaintiff fell against her first and then toward the front of the bus. She thought the bus made a normal start.

■■■ On at least three occasions we have applied the familiar rule that even *slight negligence imposes liability on a common carrier entrusted with the transportation of human cargo.*[1] But there is an equally familiar rule that jerks or jars which are no more than the necessary or usual incidents of the operation of such conveyances do not make a carrier liable in damages.[2] Passengers are said to assume such risks as an incident of their travel and for that reason recovery is usually denied unless it is shown that the "jerk" or "sudden start" was of such unusual and extraordinary force that it could not reasonably be said to have happened in the ordinary operation of the vehicle.[3]

■■ In this case plaintiff's total showing consisted of her own statement that the bus "started suddenly" and the testimony of her witness that it started with a "little jerk." We are not persuaded that these statements described a movement of such violence or force as to be bespeak negligence. Many decisions make it plain that to give rise to an inference of negligence there must be more than mere descriptive adjectives and conclusions.[4] As was said in Endicott v. Philadelphia Rapid Transit Co., 318 Pa. 12, 177 A. 17, 18, quoted in Wilcoxen v. City of Seattle, supra, "* * * statements that a street car 'started violently,' 'started with a violent jerk,' * * * and the like, are not of themselves sufficient to show negligent operation of the car, * * * there must be evidence inherently establishing that the occurrence was of an unusual and extraordinary character, or evidence of its effect on other passengers sufficient to show this."

Similarly, in Brocato v. United Rys. & Electric Co. of Baltimore, supra, [129 Md. 572, 99 A. 793] quoted in Mackey v. O'Neal, Del.Super., 9 Terry 233, 48 Del. 233, 101 A.2d 337, it was said: "It is true one of the witnesses said the car 'jerked hard,' but this expression alone, considered in connection with the facts of the case, cannot be regarded as having sufficient probative force to go to the jury as tending to show that the 'jerk' was unusual or extraordinary." And

1. Ross v. Pennsylvania R. Co., D.C.Mun. App., 55 A.2d 346; Jackson v. Capital Transit Co., D.C.Mun.App., 38 A.2d 108, affirmed 80 U.S.App.D.C. 162, 149 F.2d 839, 161 A.L.R. 1110, certiorari denied 326 U.S. 762, 66 S.Ct. 143, 90 L.Ed. 459; Birchall v. Capital Transit Co., D. C.Mun.App., 34 A.2d 624.

2. Murray v. Rio Grande Motorway, 10 Cir., 171 F.2d 82; Connor v. Washington Railway & Electric Co., 43 App.D.C. 329; De Giso v. Metropolitan Transit Authority, 325 Mass. 760, 90 N.E.2d 346; Cushman v. Boston, W. & N. Y. St. Ry. Co., 319 Mass. 177, 65 N.E.2d 6; Biehle v. Frazier, 360 Mo. 1068, 232 S.W.2d 465; Reiser v. Cincinnati Street Ry. Co., 92 Ohio App. 24, 109 N.E.2d 284; Wilcox-

en v. City of Seattle, 32 Wash.2d 734, 203 P.2d 658.

3. Connor v. Washington Railway & Electric Co., supra; Cushman v. Boston, W. & N. Y. St. Ry. Co., supra; Brocato v. United Rys. & Electric Co. of Baltimore, 129 Md. 572, 99 A. 792; Henry v. Public Service Coordinated Transport, 3 N.J. Super. 140, 65 A.2d 636; Taylor v. Westchester Street Transp. Co., 276 App.Div. 874, 93 N.Y.S.2d 395; Reiser v. Cincinnati Street Ry. Co., supra; Herholtz v. West Penn Rys. Co., 362 Pa. 501, 66 A. 2d 839; Mervine v. Aronomink Transp. Co., 348 Pa. 475, 35 A.2d 255; Wilcoxen v. City of Seattle, supra.

4. Johnson v. Berkshire St. Ry. Co., 292 Mass. 311, 198 N.E. 154.

in Taylor v. Westchester Street Transp. Co., 276 App.Div. 874, 93 N.Y.S.2d 395, the court held that the plaintiff's testimony that the bus "lurched forward" and "snatched forward" was insufficient to establish negligence without other tangible proof that the bus started with unusual or unnecessary force, and without other evidence of acts or physical facts to warrant such a finding.[5] And where there was no evidence of other circumstances tending to establish the occurrence as one of unusual or extraordinary character, it has been held that verdicts should be directed for the carrier.[6]

We mention in passing that though some of the cases we have cited deal with streetcars rather than buses, the basic rules of liability are the same with reference to both types of carriers.

■ Plaintiff claims that the nature and extent of her injuries constituted "other circumstances" and were sufficient proof of negligence to entitle her to go to the jury. She argues that a laceration of a hand, sprained shoulder, concussion, and wrenched back, which kept her under a doctor's care for over a month, were adequate proof of the violent and extraordinary force of the bus' start. We agree that in some circumstances such evidence might have some probative value;[7] but we know of only two decisions in which it was treated as inferential of negligence, and both are clearly distinguishable because they were based on other proof in addition to the nature of the injuries. In Oklahoma Ry. Co. v. Jones, 207 Okl. 476, 250 P.2d 472, there was testimony of another passenger that the driver "slammed on his brakes" in bringing the bus to a sudden stop. In Johnson v. Berkshire St. Ry. Co., 292 Mass. 311, 198 N.E. 154, the court had before it evidence of how a sudden start affected other passengers, and the fact that it had caused plaintiff to lose her grip on the back of one of the seats.

No such evidence was present here. We have only plaintiff's conclusion, weak at best, and testimony describing her injuries. This was not a sufficient evidentiary basis on which to predicate a verdict that the injuries resulted from a start which was of such unusual violence as to be beyond common experience. In plainer words, there was no proof of negligence.

Affirmed.

5. To the same effect are Valdry v. Baton Rouge Bus Co., La.App., 5 So.2d 173; Herholtz v. West Penn Rys. Co., supra; Mervine v. Aronomink Transp. Co., supra.

6. Brocato v. United Rys. & Electric Co. of Baltimore, supra; Friedman v. Worcester St. Ry. Co., 326 Mass. 795, 94 N.E.2d 780; De Giso v. Metropolitan Transit Authority, supra.

7. Various factors would presumably have to be considered, such as a plaintiff's age, general physical condition, stability on his feet, sense of balance, susceptibility to falls, etc., because a movement of a bus which would leave some passengers unaffected might seriously disturb the balance of others. The primary inquiry should be not how badly a passenger was hurt, but how much the movement of the bus deviated from a normal operation.