Etta KLENK and Frederick Klenk,
Appellants,

v.

CAPITAL TRANSIT COMPANY, a
corporation, Appellee.

No. 2082.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 28, 1957.

Decided March 5, 1958.

Ralph H. Deckelbaum, Washington D. C., with whom Bernard Margolius, Washington, D. C., and Ben Greenspoon were on the brief, for appellants.

Francis L. Casey, Jr., Washington, D. C., with whom Frank F. Roberson, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

The granting of a motion made at pre-trial to dismiss a complaint alleging the negligent operation of defendant's streetcar is the basis for this appeal.

Suit was brought by plaintiffs Etta Klenk and her husband for personal injuries allegedly sustained by Mrs. Klenk while riding as a passenger on defendant's streetcar. According to the complaint and Mrs. Klenk's deposition taken by defendant and presumably considered at pre-trial, the plaintiff was thrown to the floor as she walked toward a vacant seat just after boarding the streetcar. Describing the accident in her deposition, plaintiff testified:

"* * * I was walking back to the rear of the trolley, and I got about half way there, the car—the trolley—started off and it jerked. Well, then I grabbed hold of the seat, and it jerked again. Well, then I lost my balance and I went right down on my face."

As a result of the fall, injuries to her back, shoulder, and leg are claimed.

In a contrasting deposition the operator of the streetcar testified that he observed Mrs. Klenk walking toward a seat when he started the car in motion and that it neither "jerked" nor was brought to a sudden stop at this time. Four other passengers witnessed plaintiff's fall; however, the nature of their testimony is not known as depositions or affidavits apparently were not taken by either side.

Upon consideration of the pleadings, depositions, and pre-trial statements, the complaint was dismissed for failure to state a claim on which relief can be granted, and this appeal was taken from that order.

 Rule 12(b) of the Municipal Court Civil Rules, which is substantially Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that where a motion to dismiss for failure to state a claim on which relief can be granted is made and matters outside the pleading are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. The extrinsic material involved here in the form of depositions was presumably considered by the pre-trial judge in arriving at his decision to dismiss and has been included in the record on appeal. This material may therefore be considered in our review.[1]

 Ruling on the correctness of an order of dismissal, the United States Court of Appeals for the District of Columbia Circuit stated in Callaway v. Hamilton Nat. Bank of Washington, 90 U.S.App. D.C. 228, 231, 195 F.2d 556, 559:

"In dealing with the record on this appeal, however, we must observe the usual rule that on a motion to dismiss, the plaintiff's allegations are to be taken as true and all reasonable favorable inferences arising therefrom are to be indulged. * * * A motion to dismiss should not be sustained 'unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim' set forth by the plaintiff. * * *"[2]

Thus, whether the validity of the order be determined under Rule 12(b) or Rule 56, the tests governing the disposition of the case are the same; and if plaintiff has failed to state a claim on which relief can

1. Hall v. Field Enterprises, D.C.Mun.App., 94 A.2d 479.

2. See also Cox v. Episcopal Eye, Ear and Throat Hospital, D.C.Mun.App., 134 A.2d 328; Hall v. Field Enterprises, supra.

be granted (Rule 12(b)), she has also failed to raise an issue of material fact and has failed to show that defendant is not entitled to judgment as a matter of law (Rule 56). Callaway v. Hamilton Nat. Bank of Washington, supra.

■ With these rules in mind, defendant's contention can more properly be brought into focus. It is urged that in proceeding on the principle of *res ipsa loquitur,* plaintiff has failed to show one of the necessary elements or, more specifically, facts which give rise to a happening that would not occur in the absence of defendant's negligence. To support this position defendant cites the continuous use of the word "jerk" in plaintiff's deposition to describe the motion of the streetcar and the familiar principle in this and other jurisdictions that jerks and jars which are the usual incidents of streetcar travel do not make a carrier liable for damages. A passenger is said to assume the risk as to such movements, and only where the movements of the car are so unusual and extraordinary as to be beyond a passenger's reasonable anticipation will the carrier be held liable for resulting injuries.[3] The soundness of this rule is not challenged, but its application is questionable when used as authority principally on the basis of the expressions of speech or expletives employed by a plaintiff in a deposition to describe the motions of the streetcar. If, as many courts have held, an inference of negligence cannot be drawn from an accumulation of adjectives and adverbs used by a plaintiff,[4] neither should the validity of his claim be made to rest merely on the descriptive terms he chooses.

We think this is particularly true at the pretrial stage.

■■ As we view it, the question here is simply whether the complaint and deposition have sufficiently set forth facts tending to show that the harm would not have occurred except for some negligence on the part of the person operating the streetcar. Plaintiff alleges sudden changes of speed in the complaint, and in her deposition she testified that the movements of the car were in a series of "jerks" or "stops and starts." We think that the showing of such facts as these is sufficient to meet the requirement. Whether the sudden variance in speed or the series of movements, considered either separately or together, would constitute a deviation from normal streetcar operation raises a factual issue. The question is one of degree in each case and should be resolved on the basis of physical facts and evidence presented at a trial. Pre-trial proceedings are designed to complement the trial function by simplifying issues and should not be used to invade that function by resolving such issues.

Taking plaintiff's assertions of fact as true, and construing the complaint together with the depositions in the light most favorable to her with all doubts and intendments resolved in her favor at a trial, we cannot say that she would be precluded from recovery under any state of facts which could be proved in support of her claim. The order of dismissal is therefore reversed, but in so ruling we make no intimation that plaintiff must prevail at a trial on the merits.

Reversed.

3. Connor v. Washington Railway & Electric Co., 43 App.D.C. 329; Wiggins v. Capital Transit Company, D.C.Mun.App., 122 A.2d 117, 57 A.L.R.2d 1; Kaufman, by Deutch v. Baltimore Transit Co., 197 Md. 141, 78 A.2d 464; Cushman v. Boston, W. & N. Y. St. R. Co., 319 Mass. 177, 65 N.E.2d 6; Herholtz v. West Penn Rys. Co., 362 Pa. 501, 66 A.2d 839.

4. Wiggins v. Capital Transit Company, supra; Mathieu v. Springfield Street Ry., 328 Mass. 13, 101 N.E.2d 358; Cushman v. Boston, W. & N. Y. St. R. Co., supra; Murphy v. Steeplechase Amusement Co., 250 N.Y. 479, 166 N.E. 173.