CAP!TAL TRANSIT COMPANY, a
corporation, Appellant,

v.

Marion BEASLEY, Appellee.

No. 2290.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 24, 1958.

Decided Feb. 24, 1959.

William T. Clague, Washington, D. C.,
with whom Swingle & Swingle, Washington, D. C., were on the brief, for appellant.

A. Arvin Lynn, Washington, D. C., with
whom Samuel A. Friedman, Washington,
D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee, while a passenger in one of appellant's streetcars, fell and was injured.
She brought this action alleging that her
fall was caused by the negligent operation
of the streetcar. A jury returned a verdict
in her favor and the only question on this
appeal is whether her evidence warranted
submission of the case to the jury.

Appellee testified that as she proceeded
to the rear of the car, it was swaying from
side to side, that the sway became more accentuated, and then there was an increase
in the speed of the car which resulted in a
"heavy rock and roll" which prevented her
"from keeping herself up," that near the
center of the car she reached for a rod to
keep from falling and as she "grabbed it"
the movement of the car "twisted" her
around and she fell into the exit pit headfirst. Another passenger who entered the
car just behind appellee testified that when
the car started it began to sway and then
to "jerk" so that she "steadied" herself by
holding on to the fare box. She stated that
the car was going "faster than usual" and
rocking so that she almost lost her balance.

In our opinion this evidence clearly warranted submission of the case to the jury.
Appellant relies on Wiggins v. Capital
Transit Co., D.C.Mun.App., 122 A.2d 117,
57 A.L.R.2d 1, where we upheld a directed

verdict against a passenger whose only evidence of negligence was her own testimony that the bus "started suddenly" and that of another passenger that it started with "a little jerk." Factual dissimilarity plainly distinguishes the Wiggins case from the present one.

Affirmed.