John W. HOPKINS and Joseph Martinow-
ski, Plaintiffs,

v.

CHESAPEAKE UTILITIES CORPORA-
TION, a Delaware corporation, De-
fendant and Third-Party Plaintiff,

v.

TEAL CONSTRUCTION, INC., a Delaware
corporation, and Chesapeake and Potomac
Telephone Company of Maryland, a cor-
poration of the State of Maryland, Third-
Party Defendants.

Superior Court of Delaware,
New Castle.

Feb. 28, 1972.

Julius Komissaroff, William J. Taylor, III, Berg, Taylor & Komissaroff, Wilmington, for plaintiffs.

John J. Schmittinger, Schmittinger & Rodriguez, Dover, for defendant and third-party plaintiff.

## OPINION

O'HARA, Judge.

This is a negligence action arising out of personal injuries sustained by John W. Hopkins and Joseph Martinowski, ("plaintiffs"), in a flash fire that occurred in a manhole of the Chesapeake and Potomac Telephone Company of Maryland. The Chesapeake Utilities Corporation ("defendant") has moved to dismiss plaintiffs' allegations for failure to state a claim upon which relief may be granted, or in the alternative, for a more definite statement of the facts allegedly constituting negligence. The essential question raised by defendant's motions is whether the complaint contains sufficient allegations for a cause of action for negligence under the doctrine of *res ipsa loquitur*. If this doctrine is applicable, it is not incumbent upon the plaintiffs to further specify the precise nature of defendant's negligent conduct to warrant a jury determination.

Defendant, a Delaware corporation, has its principal place of business at 201 East Main Street, Salisbury, Maryland. Plaintiffs were former employees of the Teal Construction, Inc., which corporation, at the time of the subject accident, was acting as sub-contractor for the Chesapeake and Potomac Telephone Company of Maryland, laying cement ducts for telephone cables in Salisbury, Maryland. Both Teal Construction, Inc. and Chesapeake and Potomac Telephone Company of Maryland have been joined in this action as third-party defendants.

Defendant, through its affiliate Citizens Gas Company, has at all pertinent times operated an arterial gas distribution main at the intersection of West Isabella and Penn Street, approximately 25 yards east of the manhole in question. At this intersection, the gas line pipe was joined together by a Dresser coupling. On March 17, 1970, plaintiffs in the course of their employment lawfully descended into the manhole. While so engaged, plaintiffs allege that a quantity of natural gas seeped into the manhole from defendant's gas line at the point of the coupling resulting in a flash fire which caused injury to plaintiffs. It is further alleged by plaintiffs that defendant had exclusive control, care and management of the gas line at the time of accident; and that defendant was negligent in allowing gas to escape in such quantities.

The record indicates these additional facts. Immediately following the accident,

defendant sent out personnel to ascertain the cause of the fire. On the basis of their investigation, it was determined that a leak in the main existed at the coupling. Inspection of the main showed that the coupling was not physically damaged or deteriorated, but that the coupling had shifted on the main creating the leak. In this connection, the defendant offered evidence to the effect that gas leakage surveys were undertaken annually, and that the last inspection was in June, 1969. The defendant further concluded, from the amount of corrosion on the area exposed by the movement of the coupling, that the leak was of recent origin. Defendant also conducted tests to measure the gas combustion level in the vicinity of the fire. These tests indicated a 20% natural gas to air ratio in the manhole and 100% natural gas at the coupling. Defendant conceded that it was conceivable that natural gas from the coupling might have filtered laterally through the ground to the manhole, and that defendant was aware that plaintiffs would be utilizing the manhole for the laying of telephone cable. Finally, it appears that one of the plaintiffs, John W. Hopkins, precipitated the fire by the lighting of a cigarette.

Defendant challenges the invocation of the doctrine of *res ipsa loquitur* on two grounds. First, defendant argues that as a prerequisite to the application of *res ipsa loquitur* the possibility of contributory conduct on the part of plaintiffs causing their injury must be excluded. Hence, defendant suggests that the lighting of the cigarette in the close confines of the manhole adjacent to defendant's gas main constitutes unforeseeable supervening conduct contributing to plaintiffs' injuries and precluding resort to *res ipsa loquitur*. Second, Defendant asserts that the facts pleaded do not justify an inference of negligence, unless this Court indulges the unwarranted assumption that under Delaware law a gas

company has an insurer's duty to one in the position of plaintiffs. Cf. Suburban Propane Gas Corporation v. Papen, 245 A. 2d 795 (Del.Supr.Ct.1968). Thus defendant states that the doctrine of *res ipsa loquitur* cannot be predicated on the mere fact that the gas line was leaking.

■ As a preliminary matter, the Court notes that in their briefs and argument the parties have referred to Delaware law for the disposition of these proceedings. The instant accident and the purported negligence of defendant occurred in Maryland. In matters of substantive law, Delaware adheres to the general conflicts rule that the lex loci delicti or the law of the place of tort governs in negligence actions. Friday v. Smoot, 211 A.2d 594 (Del.Supr.Ct.1965). Moreover, generally in applying law of another state, Delaware applies its own rule of conflicts and only the internal law of the other state. Folk v. York-Shipley, Inc., 239 A.2d 236 (Del.Supr.Ct.1968). In the case of Mackey v. O'Neal, 9 Terry 233, 101 A.2d 337 (Del.Super.Ct.1953), the Superior Court considered the application of *res ipsa loquitur* and concluded that it was a substantive matter governed by the law of the place where injury occurred.* Thus it would appear that the law of Maryland would be germane to the issues at hand. However, no attempt has been made by the parties to rely upon Maryland law and the Court's independent research has failed to disclose relevant Maryland authority. It may be presumed, therefore, that Maryland law is the same as the Delaware law. Tracy v. Prudential Ins. Co. of America, 34 Del.Ch. 207, 101 A.2d 321 (1953).

■ *Res ipsa loquitur* is a rule of circumstantial evidence and is available where the facts surrounding injury warrant the inference of negligence of the defendant. Delaware Coach Co. v. Reyn-

---

* Compare Chasse v. Albert, 147 Conn. 680, 166 A.2d 148, Conn.Supr.Ct. of Errors (1960) concluding that res ipsa loquitur was a procedural convenience, not a matter of substantive law compelling application of the lex loci delicti.

olds, 6 Terry 226, 71 A.2d 69 (Del.Supr. Ct.1950). Once the doctrine of *res ipsa loquitur* is found applicable, plaintiffs are excused from pleading, with particularity, specific acts of negligence, and general averments of negligence will survive a motion to dismiss. Fritz v. E. I. DuPont De-Nemours & Co., 6 Terry 427, 75 A.2d 256 (Del.Super.Ct.1950). The applicability of the doctrine depends on the particular facts and circumstances of each individual case. Starr v. Starr, 5 W.W.Harr. 556, 170 A. 924 (Del.Super.Ct.1934). However, before its application may be considered by the trial court the following requirements set forth in Vattilana v. George & Lynch, Inc., 2 Storey 168, 154 A.2d 565 (Del. Super.Ct.1959) must be concurrently satisfied:

"1. Defendant must have had full management and control of the instrumentality which caused the injury. (Refined and elaborated upon in Phillips v. Delaware Power & Light Company, 202 A.2d 131 (Del.Super.Ct.1964)).

2. The circumstances must be such that, according to common knowledge and the experience of mankind, the accident could not have happened if those having control and management had not been negligent.

3. Plaintiffs' injury must have resulted from the accident."

▮ It is evident to the Court that the instant defendant had full management and control of the gas line. Defendant, however, argues that plaintiffs' injuries are not proximately a result of defendant's conduct because plaintiff Hopkins ignited the cigarette which precipitated the fire. The effect of defendant's assertion is to shift the burden of proving freedom from contributory negligence to the plaintiffs, when, as a general rule, that defense must be established by the defendant at a later stage in the proceedings. 58 Am.Jur.2d, Negligence, Sec. 482; Delaware Coach Co. v. Reynolds, supra. Accordingly, this Court concludes that evidence with respect to plaintiffs' conduct is evidence to be evaluated at trial by a jury or by the Court on motion for a directed verdict.

Finally, defendant maintains that the doctrine of *res ipsa loquitur* is not applicable because the facts do not warrant the inference of negligence. Defendant relies in this contention on the case of Suburban Propane Gas Corporation v. Papen, supra, cited for a specific application of the general rule of law that negligence is never presumed from the mere fact of injury. Cf. Ciociola v. Delaware Coca-Cola Bottling Company, 3 Storey 477, 172 A.2d 252 (Del.Supr.Ct.1961). In *Papen*, the Court held that the mere occurrence of a gas explosion and fire did not present an inference of negligence of such force as to compel an explanation, and therefore, *res ipsa loquitur* did not apply. That decision is, however, not dispositive in the instant context. It is a significant distinction that in *Papen* the fire was of unknown origin, while in the instant case plaintiffs have demonstrated a particular defect in defendant's gas main, with respect to which defendant owed plaintiffs a duty of care commensurate to the highly dangerous condition therein presented.

▮ Accordingly and notwithstanding this Court's agreement with the general tenets set forth in *Papen*, this Court, as a matter of first impression, must determine whether the balance of probabilities permit the inference of negligence. Phillips v. Delaware Power & Light Company, supra. Having reviewed the record, it is the opinion of the Court that in the absence of some negligence gas would not ordinarily escape in such dangerous quantities from defendant's main. Chutuk v. Southern Counties Gas Co., 21 Cal.2d 372, 132 P.2d 193 (1942); Loos v. Mountain Fuel Supply Co., 99 Utah 496, 108 P.2d 254 (1940); Carmody v. Boston Gaslight Co., 162 Mass. 539, 39 N.E. 184 (1895); Williams v. City of Long Beach, 42 Cal.2d 716, 268 P.2d 1061 (1954); Anno. "Escaping Gas-Liability" 96 A.L.R.2d 1010.

**8**

Defendant has in the alternative motioned for a more definite statement. In Delaware it is held that specific allegations of negligence do not deprive the plaintiff of his right to rely upon the inference of negligence arising from the occurrence itself. 2 A.L.R.3d 1335; Vattilana v. George & Lynch, Inc., supra. A contrary rule prevails in many jurisdictions. By implication from these decisions in Delaware and elsewhere, it appears that defendant's motion for a more definite statement must fail where *res ipsa loquitur* is established.

The Court concludes, therefore, that defendant's motion to dismiss and alternative motion for a more definite statement should be denied.

It is so ordered.