Lettie B. FELLS, Appellant,

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellee.**

No. 10238.

District of Columbia Court of Appeals.

Argued April 6, 1976.

Decided May 19, 1976.

———◆———

Harold A. Sakayan, Washington, D. C., for appellant.

John C. Swanson, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from a judgment in a personal injury case wherein plaintiff-appellant fell and was injured as a passenger on a bus. At the close of appellant's case, the trial court granted appellee's motion for a directed verdict. The single issue presented is whether the trial court erroneously ruled that appellant failed to establish facts from which a finding of negligence could be made. We affirm.

On August 2, 1974, appellant, aged 72, boarded appellee's bus. While the bus was in motion, she attempted to change her seat. Appellant claims that during the seat-changing process the carrier made an unexpected stop and that she was thrown to the floor, suffering a broken nose. She also testified that she was carrying two shopping bags at the time and therefore was unable to grasp the supporting seat handles during her attempt to move.

In resolving the question presented, we view the evidence in the light most favorable to appellant as the nonmoving party. *See St. Paul Fire and Marine Insurance Co. v. James G. Davis Construction Corp.,* D.C.App., 350 A.2d 751, 752 (1976); *Gaither v. District of Columbia,* D.C.App., 333 A.2d 57, 59 (1975). Appellant described a "strong" stopping force that threw her from a position between the first or second seat to a location "between the fare box and the [driver's] seat." We have held that an unexpected stop as described by appellant " 'was [not] of such unusual and extraordinary force that it could not reasonably be said to have happened in the ordinary operation of the vehicle.' " *D.C. Transit System, Inc. v. Perry,* D.C.App., 337 A.2d 224, 225 (1975), quoting *Wiggins v. Capital Transit Co.,* D.C.Mun.App., 122 A.2d 117, 118 (1956). Appellee is "not liable for jerks or jars which [are] no more than the necessary or usual incidents of the operation of the conveyance." *D.C. Transit System, Inc. v. Perry, supra* at 225. Moreover, testimony of a sudden stop and

resulting injuries does not, by itself, raise a permissible inference of negligence.

Additionally, the evidence demonstrates that appellant's conduct was the proximate cause of her own injuries. Applying the equally appropriate standard of *Butler v. McCalip,* D.C.Mun.App., 54 A.2d 644, 646 (1947), "passengers are required to exercise ordinary and reasonable care, as determined by the circumstances, for their own protection." (Footnote omitted.) Appellant admitted on cross-examination that she did not "anticipate any jerks, jolts, sudden stops, which are incident to normal mass transportation." It is fair to say that she knew or should have known[1] that it would be dangerous to change seats under all the circumstances as she described them.

Accordingly, the judgment of the trial court is

*Affirmed.*

---

1. Appellant stated that she has been a resident of the District of Columbia since 1920, and that she has been riding buses "[e]ver since they were in operation." Prior to her fall, she was riding a bus "[t]hree or four times a week."