Olga BOYKO, Appellant,

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellee.**

No. 81–997.

District of Columbia Court of Appeals.

Argued Sept. 21, 1983.

Decided Oct. 24, 1983.

Harlow R. Case, with whom Jack H. Olender, Washington, D.C., was on brief, for appellant.

John C. Swanson, Washington, D.C., for appellee.

Before NEWMAN, Chief Judge, and PRYOR and TERRY, Associate Judges.

TERRY, Associate Judge:

Appellant was injured while riding a bus operated by appellee, the Washington Metropolitan Area Transit Authority (Metro). After a jury returned a verdict for appellant, the trial court granted appellee's motion for judgment notwithstanding the verdict. Because we conclude that appellant presented evidence sufficient to allow a reasonable trier of fact to find in her favor, we reverse the trial court's judgment and remand this case with directions to reinstate the jury's verdict and to enter judgment upon it in favor of appellant.

Late one evening in October 1976, during a severe rainstorm, appellant climbed aboard a Metrobus at a downtown intersection. As she boarded, she was carrying a small bag of groceries, a tote bag containing some magazines and a hair dryer, and a shoulder bag. She gave her transfer to the driver with her free hand and started toward the first pair of seats facing the front, a few feet behind the driver. As appellant moved along the rain-dampened floor, the bus pulled away from the curb, throwing her against a metal pole and then onto the floor. The fall resulted in compound fractures of her right tibia and fibula. The injury, which caused her right leg after it healed to be half an inch shorter than her left, kept appellant away from her job for more than a year.

Appellant's work as a beautician requires her to be constantly on her feet. Before the injury, she had normally worked nine-to ten-hour days. Since her return to the job, however, continuing pain has forced her to work only four days a week, to shorten her working hours, and to take fewer customers. Consequently, her income has been cut in half. In April 1978 appellant filed this action against Metro, alleging that the bus driver negligently pulled the bus away from the bus stop.

In her testimony appellant described the start of the bus as "abrupt" and "violent." In her fifty years as a bus rider, she had come to expect "a gentle start, sometimes a little faster, but nothing violent or extraordinary." Appellant's orthopedic surgeon testified that her injury was one that "takes a considerable amount of violence." The bus driver stated that, when she pulled away from the stop, she knew that the floor was wet and that appellant had not yet reached a seat. The driver also said that she realized at the time that the traffic light just ahead was red, and hence that the bus would be able to move only about ten feet before having to stop.

The jury found for appellant, awarding her $50,000. The trial court then granted Metro's motion for judgment notwithstanding the verdict, holding that appellant had failed to produce evidence sufficient to permit a reasonable jury to find Metro negligent. The court said in its memorandum opinion that "[p]laintiff's total showing of negligence consisted of her own statements that the bus started 'suddenly', 'abruptly', and 'violently'." It apparently discounted the doctor's testimony as to the violence required to cause appellant's injury; indeed, it made no mention whatsoever of the doctor's testimony except to refer, in one sentence, to his description of appellant's injury and his use of a model to demonstrate the fracture. Stating that appellant "clearly ... was off balance at the time of

the fall,"[1] the court held that "plaintiff's injuries do not provide corroboration of violent movement or negligence ... because the injuries are totally compatible with an unbalanced person and could have been triggered by any movement of the bus."

■ The standard guiding both trial and appellate courts on a motion for judgment n.o.v. is clear:

> The trial court must deny a motion for judgment notwithstanding the verdict unless the evidence, when viewed in the light most favorable to the non-moving party with all reasonable inferences drawn therefrom, is so clear that reasonable men could reach but one conclusion.... When there is "some evidence from which jurors could find the necessary elements," ... the case is for the jury.

*District of Columbia v. Gandy,* 450 A.2d 896, 900 (D.C.1982) (citations omitted), *modified on other grounds,* 458 A.2d 414 (D.C.1983). Since there is no question that appellant's injury was the result of her fall when the bus pulled away from the curb, the issue on appeal is whether she produced sufficient evidence of the bus driver's negligence. That evidence consisted chiefly, but not entirely, of appellant's own description of the movement of the bus.

The trial court held that that description was insufficient to permit a jury to find in her favor. Arguing in support of the trial court's ruling, appellee cites a line of decisions in which this court has held such descriptions to be insufficient by themselves to send a case to the jury. In *Wiggins v. Capital Transit Co.,* 122 A.2d 117 (D.C.1956), the plaintiff, who was injured while aboard a bus, testified that the bus "started suddenly"; another passenger testified that it started "with a little jerk." This court held that such evidence was not enough to permit the case to go to the jury, observing that a plaintiff could recover against the bus company only by showing "that the

---

1. There is no evidentiary support for the court's speculation that appellant was "off bal-ance."

'jerk' or 'sudden start' was of such unusual and extraordinary force that it could not reasonably be said to have happened in the ordinary operation of the vehicle." Such "unusual and extraordinary force," we said, cannot be inferred from "mere descriptive adjectives and conclusions" alone. *Id.* at 118.

Similarly, in *D.C. Transit System, Inc. v. Perry,* 337 A.2d 224 (D.C.1975), this court held insufficient a plaintiff's testimony that her bus "jerked" and "lurched forward." Proof of the bus driver's negligence, we said, "must be based upon testimony consisting of something more than mere descriptive adjectives and conclusions." *Id.* at 225. A year later, in *Fells v. Washington Metropolitan Area Transit Authority,* 357 A.2d 395 (D.C.1976), we held insufficient another plaintiff's testimony that the force of the stop which injured her was "strong": "testimony of a sudden stop and resulting injuries does not, by itself, raise a permissible inference of negligence." *Id.* at 395–396.

The trial court in the case at bar failed to recognize that, in each of these cases, the testimony which was held to be insufficient did not show that the operation of the bus was in any way unusual or extraordinary. The descriptions of the buses' movements were, as we pointed out in *Washington Metropolitan Area Transit Authority v. Jones,* 443 A.2d 45, 50 (D.C.1982) (en banc), "equally consistent with proper operation of the bus." In *Jones* we held that a non-passenger's testimony that a bus was "really rolling" and was moving "fast, faster [than] it should have [been moving]" was sufficient to send the issue of the bus driver's negligence to the jury. We distinguished *Wiggins* and *Perry,* restating the rule for which those cases stand in terms of the actual content of the witnesses' testimony:

A passenger inside the bus is not able to establish a prima facie case of negligence by merely presenting a description of movement equally consistent with proper operation of the bus. On the other hand, testimony of unreasonable speed, given by a witness who was outside the bus, is not descriptive of movement consistent with proper operation of the bus, and is not within the holding of *Perry.*

*Id.* Nor, we now hold, is the testimony of a passenger within the holding of *Perry* when that testimony describes conduct inconsistent with the normal and proper operation of a bus. The critical question to be answered, as we made clear in *Jones,* is not whether the passenger—or any other witness, for that matter—uses "descriptive adjectives"[2] in testifying about the movement of a vehicle. Rather, it is whether the testimony, in whatever form it is offered, describes movement that is "consistent with proper operation of the bus." The actual words or parts of speech that a witness may employ on the stand are irrelevant to the court's ruling on a motion for judgment n.o.v. (or for a directed verdict), which must be based on the substance of the testimony, not on its grammatical form. Appellee seems to argue that *Jones* should apply only to the testimony of non-passengers who are not parties to the suit. Whether this argument is based on some fancied defect in a passenger's vantage point or on the self-evident interest of a party in the outcome of the case, it is unpersuasive. *See, e.g., Gober v. Yellow Cab Co.,* 173 A.2d 915 (D.C.1961) (testimony of taxicab passenger that driver was going "too fast" and "faster than safety warrants" held sufficient to go to the jury on the issue of negligence).

Mrs. Boyko's testimony that the motion of the bus was "abrupt" and "violent" clearly transcends the descriptions by the plaintiffs in *Wiggins, Perry,* and *Fells.* Unless, as appellee appears to suggest, the normal ride on a Metrobus is a violent one, it seems to us that appellant's testimony describes conduct not consistent with the ordinary operation of a bus. Moreover, and

---

2. *D.C. Transit System, Inc. v. Perry, supra,* 337 A.2d at 225; *Wiggins v. Capital Transit Co., supra,* 122 A.2d at 118.

more significantly, appellant testified that the start of the bus was unlike what she had come to expect in her fifty years of riding buses. Appellant's testimony was therefore plainly outside the scope of *Wiggins* and its progeny. In addition, appellant's doctor stated that "it would take a considerable amount of violence" to cause the particular kind of injury which she suffered. Like appellant's own testimony, this statement suggests that the bus' motion was inconsistent with its normal operation. We said in *Wiggins,* and reiterate here, that evidence concerning the injury itself could be probative of negligence, when there is other proof. 122 A.2d at 119. Finally, we take note of the bus driver's testimony that she knew appellant had not yet taken a seat when she started to pull the bus away from the curb for a journey of ten feet to the stoplight. This testimony, standing alone, would probably not be sufficient to present the issue of negligence to the jury, but coupled with the testimony of appellant and her doctor, it would at least carry some weight and could be taken into account by a reasonable trier of fact. We hold, therefore, that the combination of appellant's testimony and that of her doctor and the bus driver was sufficient to go to the jury, and that the trial court erred in setting aside the jury's verdict.

This is not to suggest that a jury could not have found for Metro on the facts of this case. But that is not what we must decide. A motion for judgment notwithstanding the verdict asks the trial court to determine whether a reasonable jury could have done what the present jury did. We hold that a reasonable jury could have found appellee's bus driver to have been negligent; therefore, we reverse the judgment of the trial court and direct it to reinstate the verdict awarding appellant $50,000 in damages.

*Reversed and remanded.*