No. 739

CLEVELAND RY. CO. v. OLSOWA

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5559. Decided March 30, 1925

**915. PERSONAL INJURIES**—In order for passenger on street car to recover for, caused by jerks and jars of said car, said jerks must be unusual or extraordinary, wholly unanticipated.

**225. CHARGE TO JURY**—On request, if it embodies the correct principle of law and is applicable to case at bar, then it becomes duty of court to charge.

VICKERY, J.

Katie Olsowa brought an action in the Cuyahoga Common Pleas against the Cleveland Railway Co. to recover damages for personal injuries that she sustained while riding on one of the company's cars as a passenger. It is claimed that the jerking of the car in starting, as she was standing, threw her to the floor of the car causing the injuries of which she complained.

In the trial court she recovered a verdict of $10,000 upon which judgment was entered. Error was prosecuted by the company and it is contended that the court erred in refusing to grant a requested charge before argument and that the verdict was excessive having been returned under passion and prejudice. The court of appeals held:

1. The charge requested is as follows—"Injuries to passengers caused by jerks and jars which are necessarily incident to the proper operation of street cars, impose no liability on a street car company, and if you find that the plaintiff on the occasion in question was caused to fall by reason of such a jerk or jar, or fell by reason of her own physical condition, or from pure accident then the defendant is not liable in this case, and your verdict must be for the defendant."

2. It is well established law that in order for a passenger to recover for jerks on a street car, they must be extraordinary or unusual and not those which are incident simply to the operation of the car itself.

3. The foregoing request asked for by the company embodied this principle of law established in Ohio and elsewhere.

4. This charge does not necessarily have to embody all the law, if it embodies the correct principle of law and it is applicable to the case at bar, then it becomes incumbent upon the court to give that charge.

5. This case must be reversed on the ground that the court committed error in refusing to charge as requested and because the judgment is so excessive as to show passion and prejudice on part of the jury.

Attorneys—Squire, Sanders & Dempsey for Company; D. F. Anderson for Olsowa; all of Cleveland.