**McCARTHY, Plaintiff-Appellant, v. YOUNG, Admr., Bureau of Workmen's Compensation et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Columbiana County.

No. 770.   Decided October 3, 1958.

Marvin Traxler, Youngstown, Robert S. Hartford, East Palestine, for plaintiff-appellant.

William Saxbe, Atty. Genl., John R. Barrett, Richard S. Hunter, Asst. Attys. Genl., Columbus, for administrator-appellee.

## OPINION

Per CURIAM.

Plaintiff appeals on questions of law from a judgment of the court of common pleas entered upon a verdict of a jury returned for defendant in a trial de novo had there on plaintiff's appeal thereto from an order of the Industrial Commission of Ohio denying her the right to participate further in the Workmen's Compensation Fund of Ohio.

On May 2, 1950, plaintiff employed by defendant, W. S. George Pottery Company, as a finisher "tripped" on a splinter on the floor of one of defendant's buildings injuring herself, and allegedly has been totally physically incapacitated since that time.

Plaintiff's medical witnesses testified that there was a direct causal relationship between plaintiff's injury of May 2, 1950, and her subsequent disabilities. One of such witnesses testified:—

"I believe there was aggravation, her relation to nervousness and hypertension and the arthritis involving the shoulder and the allied conditions of the structures surrounding the shoulder is a direct relationship to the cause."

Defendant's medical witness testified:—

"Do I believe that she had anything wrong with her shoulder? I will say yes; as far as relative to 1950, I have no idea whether what she has is in relation to 1950 or not."

The trial Judge properly refused to charge the jury in writing before argument the following requests to charge before argument submitted by the plaintiff:—

"Request No. 1.

"An injury may be the proximate cause of a workman's disability not only in a case where it operates alone, but also in a case where operating in conjunction with other factors it proximately contributes to the present disability.

"Therefore, if you find from a greater weight of all the evidence in this case that the plaintiff, Mabel McCarthy, sustained an accidental injury in the course of and arising out of her employment, which proximately contributed to her present disability, then your verdict must be for the plaintiff."

"Request No. 2.

"I charge you that if you find from the greater weight of all the evidence in this case that on the 2nd day of May, 1950, Mabel McCarthy sustained an accidental injury in the course of and arising out of her employment, and if you further find that her disability is proximately attributable, in whole or in part, to such injury, then I charge that your verdict should be for the plaintiff, Mabel McCarthy, and you will find that she is entitled to participate in the benefits under the Workmen's Compensation Laws of Ohio."

"Request No. 3.

"You are instructed that if you find from the greater weight of the evidence that the plaintiff, Mabel McCarthy, was injured in the course of and arising out of her employment with the defendant company, and further if you find from the greater weight of the evidence that the injury directly caused the plaintiff's present physical condition, either by way of causation, aggravation or acceleration, then your verdict must be for the plaintiff."

It is elementary that refusal of a trial court to give before argument such written requests as state correct propositions of law and are pertinent to the issues and evidence in a case is reversible error. It is not necessary that a special instruction contain all the law of the case.

In the case of **Cleveland Ry. Co. v. Olsowa**, 3 Abs 526, at page 527, it is said:—

"This charge does not necessarily have to embody all the law, if it embodies the correct principle of law and it is applicable to the case at bar, then it becomes incumbent upon the court to give that charge."

This conclusion brings us forthwith to a consideration of whether any or all of such submitted requests contain correct propositions of law applicable to the evidence.

Plaintiff's requests to charge before argument numbered one and two were misleading and confusing. They failed to define "present disability," utterly disregarded the issue and assumed that plaintiff had proven a present disability. When request to charge number one was presented to him the trial judge pertinently observed:—

"I will refuse that for the reason that the question of whether or not she is presently disabled is a question to be submitted to the jury and I believe that the court does not have the right to assume that she is presently disabled."

Request to charge number three was refused properly for the added reason that when this request was submitted to the trial judge, and was properly refused, appellant's counsel redrafted the request and resubmitted it as request number five, which request was given by the trial judge. In request to charge number five the words "present physical condition" as used in request number three was changed to "arthritis, nervousness and hypertension."

The jury was not bound as a matter of law to accept the testimony of plaintiff's expert witness upon which plaintiff's case was principally bottomed. This medical witness's conclusion that plaintiff had a generalized arthritis was based upon the history given him by plaintiff many years after the injury, and on "what I had been told" (R. 97).

Apparently the jury felt that plaintiff simply failed to sustain the burden of proof imposed upon her.

The evidence is such that we cannot reverse the judgment of the trial court on the grounds that it is insufficient to support the verdict of the jury, or that it is against the manifest weight of the evidence.

The judgment of the court of common pleas is affirmed.

GRIFFITH and PHILLIPS, JJ, concur.

NICHOLS, PJ. I concur in the judgment of affirmance. The special requests assumed a present disability.