**John L. GAITHER, Jr., Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 8414.**

District of Columbia Court of Appeals.

Argued Nov. 25, 1974.

Decided Feb. 26, 1975.

---

58

Mabel D. Haden, Washington, D. C., for appellant.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before FICKLING, GALLAGHER and HARRIS, Associate Judges.

FICKLING, Associate Judge:

Appellant brought suit in the Superior Court against the District of Columbia for injuries he received while an inmate at the Lorton Reformatory. At the close of appellant's case, the trial court directed a verdict and entered judgment for the District of Columbia. Appellant brings this appeal.

The issues raised which are dispositive of this appeal are: (1) whether appellant was required to prove that the District of Columbia owned and operated the Lorton complex; and (2) whether appellant established a prima facie case of negligence against the District of Columbia.

The facts are as follows: On the evening of December 26, 1972, appellant, an

inmate at Lorton, was on duty in the inmates' dining hall. Part of his job in the dining hall was to light the gas burner under the coffee pot. On this occasion, as he had done for nearly one year on the job, he lit the burner without difficulty. He was then ordered by a guard in the area to light the burner under the coffee pot in the officers' dining hall. Appellant had never lit that particular burner which was similar to, but slightly different from, the one in the inmates' dining hall. When he approached the burner, he smelled a heavy odor of escaping gas. His olfactory nerves having been activated, he asked the guard to be excused from lighting the burner because of the danger normally associated with escaping gas. The guard, who could also smell gas, nevertheless ordered appellant to light the burner. Whereupon, appellant struck a match and brought it to the point of ignition causing a flame to jump out. He suffered injury to his face, eyes, neck, and chest. He was then taken to the Lorton Reformatory hospital for treatment.

At trial appellant's only witness, in addition to himself, was his mother. After appellant rested his case, the government moved for a directed verdict. The trial court granted the motion on the ground that appellant had shown neither any specific act of negligence nor that the District of Columbia owned and operated Lorton Reformatory.

■ Before addressing the substance of the appeal, we first briefly state that the standard of review afforded an appeal from a directed verdict is identical to the standard applied at trial. Calloway v. Central Charge Service, 142 U.S.App.D.C. 259, 440 F.2d 287 (1971). Precisely, the standard is: The evidence presented must be viewed most favorably toward the party against whom the motion is made, and that party must also be given the benefit of all rational inferences raised by the evidence. Galloway v. United States, 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943); Princemont Construction Corp. v. Smith, 140 U.S.App.D.C. 111, 433 F.2d 1217 (1970); Alden v. Providence Hospital, 127 U.S. App.D.C. 214, 382 F.2d 163 (1967). Therefore, we view the evidence presented at trial most favorably toward the appellant.

Substantively the government initially argues that the appellant did not offer evidence to prove that the Lorton Reformatory complex is owned and operated by the District of Columbia, and that such proof is necessary since this fact is not common knowledge. We disagree for two reasons.

■ First, it is clear that a reasonable person with reasonable knowledge of the District of Columbia community would understand that the District owns and operates its own reformatory. Material appears in the news media almost daily bearing evidence to the fact that the District owns and operates the Lorton complex. Therefore, we believe that this fact is of sufficient common knowledge in the District to be judicially noticed. 9 J. Wigmore, Evidence §§ 2571, 2580 (3d ed. 1940).

Second, by act of Congress in D.C.Code 1973, §§ 24–441, 24–443, a Department of Corrections was created in and for the District of Columbia to have charge of the Lorton Reformatory. While there have been subsequent reorganizations of the departments in charge of the reformatory, it is still, nevertheless, under the control of the District of Columbia pursuant to this statute. See Organization Order No. 7, Commissioner's Order No. 67–94, Dec. 26, 1967, as further amended Dec. 22, 1969, Nov. 7, 1972, Appendix, Title I, D.C.Code 1973 at 232.

■ It is well recognized that a court takes judicial notice of laws and statutes of the jurisdiction in which the court sits. 31 C.J.S. Evidence § 16 at 846–49 (1964). Such a rule is self-evident under our sys-

tem of jurisprudence. Indeed, to require a litigant in the Superior Court to prove statutes enacted by Congress for the District of Columbia would be absurd.[1]

■ Therefore, appellant was not required to prove that the District of Columbia owned and operated Lorton Reformatory since such a fact should have been judicially noticed on the basis of common knowledge or statutory enactment.[2]

The next question is whether appellant established a prima facie case of negligence. Appellant states in his original complaint that the guard at Lorton ordered him to light a gas burner under a coffee urn when the odor of gas filled the air in the vicinity of the gas burner, and that the guard either was or should have been aware of it. The guard's order is claimed as the negligent conduct which resulted in injury to the appellant.

■ The first question which must be answered in determining whether appellant established a case of negligence is whether the guard owed a duty to the appellant. Most authorities recognize that there is a common law duty owed to the prisoner, by his guards and their superiors, which requires that they exercise reasonable care in the protection and safekeeping of the prisoner. *See* Harris v. State, 118 N.J.Super. 384, 288 A.2d 36 (App.Div.1972); Moore v. Murphy, 254 Iowa 969, 119 N.W.2d 759 (1963); Justice v. Rose, 102 Ohio.App. 482, 144 N.E.2d 303 (1957). Indeed, D.C.

Code 1973, § 24–442, which vests control over Lorton in the District of Columbia, states that the District's agent shall be "responsible for the safekeeping, care, protection, instruction, and discipline of all persons committed" to Lorton. Therefore, it can be safely said that the District and its agents owed the prisoner a duty of reasonable and prudent care.

■ We are then asked whether there was evidence of a breach of this duty. It is argued that where the guard knew of the odor of gas yet ordered appellant to light the burner, he breached this duty of care. While it is recognized that the guard could lawfully order the appellant to perform labor, nevertheless, it may be a breach of his duty of care when he orders an inmate to do an act which he knows or should have known was highly dangerous. Moore v. Murphy, *supra*, 119 N.W.2d at 761. In the present case, the guard ordered appellant to light a match in an area heavily permeated with the smell of gas fumes. Any reasonable and prudent man knows that such an act could result in an explosion, or, at best, would involve a high degree of risk. We are of the opinion that the appellant's testimony was sufficient to send the case to the jury.

Therefore, the trial court erred when it directed a verdict in favor of the District of Columbia.

Reversed and remanded with instruction to grant a new trial.

---

1. We find it ludicrous that the Corporation Counsel, in its answer to the complaint, would deny the District's ownership and control of Lorton Reformatory.

2. Trial judges sitting in the criminal divisions of the Superior Court also have actual knowledge of who owns and operates Lorton Reformatory because a great majority of persons who are incarcerated are sent to Lorton.