**Andrew Ellsworth MORGAN, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civ. A. No. 83-3660.**

United States District Court,
District of Columbia.

Feb. 12, 1985.

Randall J. Turk, Stephen L. Braga, Washington, D.C., for plaintiff.

Philip T. Vanzile, Asst. Corp. Counsel, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

GESELL, District Judge.

At the close of all the evidence in this jury trial on claims of negligence and violation of 42 U.S.C. § 1983, the District of Columbia moved for directed verdict as to itself and the only other defendant, Lt. Robinson. The motion was granted as to Robinson and was taken under advisement as to the District pursuant to Fed.R.Civ.P. 50(b), awaiting the jury verdict. Now that the jury has returned its verdict, only one issue in the District's motion remains for decision. That is whether plaintiff's case was defective because no expert testified as to the standard of care required of the District in protecting its inmates from unreasonable risk of assault by other inmates. The Court has concluded, for reasons set forth below, that the District's motion must be denied.

This was a claim arising from an assault that occurred between two inmates assigned to a medical unit of the D.C. Jail. The unit housed in an open environment a general population of individuals requiring various types of medical attention, along with psychiatric inmates for whom in some instances there was no room in a more appropriate neighboring unit that had lock-down facility. The unit where the assault occurred was grossly overcrowded, and assaults and fights, some sexual, among inmates were frequent. Psychiatric care at the jail was admittedly inadequate, and

proper record-keeping, supervision, and classification of inmates was not possible under the conditions that existed. Plaintiff was attacked by a psychotic inmate convicted of first-degree murder who the evidence showed was improperly assigned to the unit where plaintiff was housed because of inadequate medical supervision. Only two guards mingled in the unit, which then held about 125 inmates whose beds in the corridors and recreation areas enabled the District to exceed the rated design of 80 for that space. The guards' reports of the incident were misplaced, no discipline was imposed on the perpetrator, and plaintiff received limited medical attention for his battered face and injured eye.

Under ordinary negligence standards, the supporting evidence was overwhelming that there was a negligent deviation by the District from its clear duty to exercise reasonable care in the protection and safekeeping of inmates at the jail and that this deviation was, as the jury found, the proximate cause of plaintiff's injuries. Indeed, the undisputed proof made negligence in protecting prisoners at the unit as "plain as the nose on a man's face."

■ There is no hard-and-fast rule in this jurisdiction as to when expert testimony is needed to show whether the District has negligently deviated from its duty to protect inmates. The test is whether the events at issue were within the realm of common knowledge and everyday experience. In some cases involving techniques such as the proper placement of guards at various disparate locations in a prison, "expert testimony or supporting evidence" is required. *Hughes v. District of Columbia*, 425 A.2d 1299, 1303 (D.C.App.1981). *See also Matthews v. District of Columbia*, 387 A.2d 731, 734 (D.C.App.1978). In other cases the negligence is obvious and no expert is needed. *E.g., Gaither v. District of Columbia*, 333 A.2d 57, 60 (D.C.App.1975). *See generally* W. Keeton, *Prosser and*

*Keeton on the Law of Torts* 188–89 (5th ed. 1984).

■ No subtleties were involved in this case. Under the totality of the circumstances,[1] the deviation from any reasonable standard of care was obvious and flagrant. This was underlined by the jury's finding that the District's violation rose from negligence to the level of "deliberate indifference," thus entitling plaintiff to damages under 42 U.S.C. § 1983 for cruel and unusual punishment. The jury was instructed on "deliberate indifference" as follows:

> Deliberate indifference occurs if there is an obvious unreasonable risk of violent harm to a prisoner or a group of prisoners which is known to be present or should have been known, and the District through its employees who knew or should have known of the risk were outrageously insensitive or flagrantly indifferent to the situation and took no significant action to correct or avoid the risk of harm to the prisoner or prisoners who were subject to the unreasonable risk of violent harm.

There was ample proof to support its conclusion. No expert was needed.

As the Supreme Court noted in *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), when analyzing the meaning of cruel and unusual punishment in the context of prison conditions:

> Indeed, generalized opinions of experts cannot weigh as heavily in determining contemporary standards of decency as "the public attitude toward a given sanction."

452 U.S. at 348 n. 13, 101 S.Ct. at 2400 n. 13 (citation omitted).

No civilized citizen of this community could accept the cruel and inhuman condition existing at the District of Columbia Jail which the record in this case reflects existed in June, 1983, a date immediately

---

1. The Court instructed the jury that it was not to consider any one factor alone in deciding whether the District was negligent but was to consider together all the factors presented here, including crowding of inmates, guard staffing, classification and assignment procedures, and disciplinary procedures after incidents of assault. If the case had presented only one or some of these factors, an expert might have been required.

before the prisoners rioted and after another judge of this Court had ordered corrective action—action which the District deliberately failed to take. The facts in this case spoke eloquently for themselves and required no expert interpretation.

The motion of the District of Columbia for a directed verdict at the close of all the evidence is denied.

SO ORDERED.